UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61933-CIV-COHN/SELTZER

SUSAN M. JORDAN,

    Plaintiff,

vs.

TAKHAR COLLECTION SERVICES LTD.,
d/b/a TAKHAR GROUP,

    Defendant.
_____/

ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Hold Defendant in Contempt of Court (DE 22) and the Court being fully advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

On August 30, 2011, Plaintiff brought this action against Defendant Takhar Collection Services, Ltd., d/b/a/ Takhar Group ("Takhar") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA"). See Complaint (DE 1). On January 12, 2012, the District Court entered Final Default Judgment against Takhar in the sum $2,000, plus interest. See Final Default Judgment (DE 11). Additionally, the District Court awarded Plaintiff attorney's fees and costs totaling $2,2367, plus interest. See Order Granting Motion for Fees and Costs (DE 15); see also Final Judgment Taxing Fees and Costs (DE 16) (entering "Judgment for fees and costs . . in favor of Plaintiff Susan M. Jordan, and against Defendant Takhar Collection Services, Ltd.,

d/b/a Takhar Group . . . consisting of $1,967 in fees and $400 in costs, plus interests").

Takhar did not make any attempt to satisfy the judgement. Therefore, on August 6, 2012, Plaintiff served (via U.S. Mail) Takhar certain discovery in aid of execution. Takhar failed to respond to the discovery requests. See Certificate of Service (DE 18-1) (noting service by U.S. Mail). Thereafter, on October 5, 2012, Plaintiff filed a Motion to Compel Takhar's Responses to Discovery in Aid of Execution (DE 18). See Motion to Compel Debtor Takhar Collection Services, Ltd., d/b/a/ Takhar Group, Response's to Discovery in Aid of Execution (DE 18) (stating that "Defendant's response was due on September 12, 2012" and that "[a]s of this date [October 5, 2012], Defendant has failed to respond to the Discovery in Aid of Execution"). Plaintiff served her Motion to Compel by regular mail to Takhar Collection Services Ltd d/b/a Takhar Group, c/o CT Corporation System, Suite 814, 208 South Lasalle Street, Chicago, IL, 60604. See Motion to Compel at 3 (DE 18). After Takhar failed to respond to Plaintiff's Motion to Compel, the Court granted Plaintiff's Motion by default. See October 25, 2012 Order (DE 20).

In granting Plaintiff's Motion to Compel, the Court directed Takhar to respond to Plaintiff's Discovery in Aid of Execution (without objection) within twenty days of being served with a copy of the Court's Order. See Order (DE 20). The Court additionally ordered Plaintiff to promptly serve a copy of its Order (DE 20) and a copy of the Discovery in Aid of Execution (DE 18-1) on Takhar by certified mail, return receipt requested, and that upon receiving the return receipt, Plaintiff shall file it in the record. See Order (DE 20). Thereafter, on November 14, 2012, Plaintiff filed a Notice of Filing Certified Mail Receipt (DE 21), notifying the Court that her counsel had sent a copy of the Court's October 25,

2012 Order (DE 20) and a copy of Plaintiff's Discovery in Aid of Execution to Defendant by certified mail on November 5, 2012.  See Notice (DE 21).  As of November 26, 2012 (twenty days later), Plaintiff had not received any response from Defendant to her discovery requests.

On January 8, 2013, Plaintiff filed the instant Motion, requesting the Court hold Defendant in contempt for failing to comply with the Court's Order compelling Defendant to serve its responses to Plaintiff's discovery requests.  See Contempt Motion (DE 22) (stating that Defendant "was required to serve its discovery responses by November 26, 2012 . . . [and] to date Defendant has not responded . . . and complied" and requesting that the Court, per Fed. R. Civ. P. 37(b)(2)(A)(vii), "sanction Defendant $100 per day until Defendant complies with the Court's Order [DE 20]"); see Fed. R. Civ. P. 37(b)(2)(A)(viii) (stating, *inter alia*, that the Court may "treat[] as contempt of court the failure to obey any [discovery] order").

In support of her Motion, Plaintiff states that she "filed the certified mail receipt evidencing receipt of the documents by Defendant's registered agent on November 5, 2012."  Motion at 1 (DE 22).[1]  The certified letter mailed to Defendant at the Chicago address, however, has no identifying signature or printed name on the receipt; it is simply stamped "Received Nov. 5, 2012 SOP."  See Certified Mail Receipt (DE 21-1).  Additionally, neither the "Agent" box nor "Addressee" box is checked on the mail receipt.  See Certified Mail Receipt (DE 21-1). This raises doubt as to whether Defendant (via its

---

[1] The docket in this case reflects that the Summons and Complaint were served on Gina Lendi - as Registered Agent for Defendant.  See Notice of Filing Summons Returned Executed (DE 6).

3

registered agent) actually ever received the Court's Order (DE 20) requiring it to respond to Plaintiff's discovery requests.[2] The Court, therefore, must deny Plaintiff's motion.

DONE AND ORDERED in Fort Lauderdale, Florida, this 6th day of February 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record and
unrepresented parties

---

[2] Similarly, the Court questions whether Defendant (via its registered agent) ever received and was even aware of Plaintiff's August 6, 2012 Discovery Requests (DE 18-1), Plaintiff's Motion to Compel, and the instant contempt Motion. See Motions (DE 18 and DE 22); see also Notice (DE 23).